THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM H. DIFFENBACH and Others, Relators, *v.* REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondents.

Third Department, December 28, 1921.

Colleges — jurisdiction of Board of Regents under Laws of 1920, chapter 745, to remove trustees of corporation not originally created by Regents but subsequently brought under their jurisdiction where said corporation has no property and has been inoperative for more than two years — statute not given retroactive effect by Regents — no conflict of jurisdiction between Regents and Supreme Court — not necessary that Regents have interest in proceeding since statute permits action by them of their own motion.

The Regents of the University of the State of New York had jurisdiction, under chapter 745 of the Laws of 1920, which amended subdivision 4 of section 68 of the Education Law and provides that " The Regents may remove any trustee of a corporation created by them for misconduct, incapacity, neglect of duty, or where it appeared to the satisfaction of the Regents that the corporation has failed or refuses to carry into effect its educational purposes," to remove the trustees of the New York College and Hospital for Women, where it appears that, although said college was not originally created by the Regents, but by special act of the Legislature (Laws of 1863, chap. 123), it must be considered under subsequent acts of the Legislature as having all the advantages enjoyed by an educational institution organized by the Regents, and that the Regents in 1895 granted to said college a standard charter under which it has since exercised all its corporate functions and by reason of which it should thereafter be considered a corporation created by the Regents; and where it further appears that said college was a financial failure, had no property, and had been inactive for more than two years prior to the commencement of the proceeding by the Regents.

Chapter 745 of the Laws of 1920 was not given a retroactive effect by the Regents, since the act went into effect in May, 1920, and the decision of the Regents was based upon the failure to maintain the institution after said date.

There is no conflict of jurisdiction between the Board of Regents and the Supreme Court.

It is not necessary to the validity of such a proceeding by the Regents that they should have some interest therein which gives them standing in court, for in such a matter they may take action of their own motion, and however the information is brought to their attention.

CERTIORARI issued out of the Supreme Court and attested on the 3d day of June, 1921, directed to the Regents of the

University of the State of New York, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in removing the relators and others as members of the board of trustees of the New York Medical College and Hospital for Women.

*Blauvelt & Warren* [*George A. Blauvelt* and *Joseph A. Warren* of counsel], for the relators.

*Frank B. Gilbert,* for the respondents.

VAN KIRK, J.:

The relators were trustees of the New York Medical College and Hospital for Women. This institution was a financial failure, particularly in its educational department. There were at most but twenty-five or twenty-six students and some fifty or sixty professors, lecturers and instructors. Considerable effort was made to raise funds in various ways and mortgages were placed on both the real and personal property of the institution. In 1918 there was a large indebtedness above the mortgages and default was made in payments due on the mortgages. Foreclosure actions followed and all the property of the college and hospital, real and personal, was sold to Mr. Cassidy. The Community Hospital was incorporated and this real and personal property, sold to Mr. Cassidy, was transferred by him to the Community Hospital, which at the same time assumed the unpaid debts of the New York Medical College and Hospital for Women. Most, if not all, of the trustees and officers of the New York Medical College and Hospital for Women, including the relators, became trustees and officers of the Community Hospital and were such when this proceeding was begun. No proceedings have been taken to dissolve the New York Medical College and Hospital for Women, and no election of trustees or officers has been had since 1918; the relators hold over as trustees. Though the charter of this institution is still existent, the corporation is a name only; it has no property and has been inactive since 1918. Such was the situation when the Regents, in the proceeding here under review, removed the relators as trustees of the New York Medical College and Hospital for Women, acting under chapter 745 of the Laws of 1920, which amended

subdivision 4 of section 68 of the Education Law, and which provides: " The Regents may remove any trustee of a corporation created by them for misconduct, incapacity, neglect of duty, or where it appears to the satisfaction of the Regents that the corporation has failed or refuses to carry into effect its educational purposes. A hearing in the proceeding for the removal of such trustees shall be had before the Board of Regents or a committee thereof and the trustees shall be given at least ten days' notice of the time and place of such hearing."

The relators were removed because they " have failed to carry into effect the educational purposes of such college and hospital since May 12, 1920, and that the said New York Medical College and Hospital for Women is not now, nor has it been since such time, maintained and operated as an educational institution."

The chief contention of the relators is that the Regents are without jurisdiction because the New York Medical College and Hospital for Women was not created by said Regents.

Under the name New York Medical College for Women, a body corporate was organized by a special act of the Legislature, chapter 123 of the Laws of 1863, and was made " subject to the visitation of the Regents of the University." By chapter 230 of the Laws of 1864 its name was changed to New York Medical College for Women and Hospital for Women and Children, and its powers were enlarged to include the operation of a hospital. At this time the Regents had no authority over a hospital or its work. By the Laws of 1866, chapter 294, it was enacted that "The Regents of the University shall possess the same power in respect to the charter or acts of incorporation of the New York Medical College for Women and Hospital for Women and Children, as if the said charter had been granted by the Regents, and the said college had been incorporated thereby subsequent to the first day of May, 1853." The significance of this act of the Legislature is found in chapter 184 of the Laws of 1853, which took effect April 12, 1853, and which provided that " The said Regents may at any time, on sufficient cause shown, and by an instrument under their common seal, to be recorded as aforesaid, alter, amend or repeal the charter of any college, university,

58    People ex rel. Diffenbach *v*. Regents of University.

Third Department, December, 1921.      [Vol. 199

academy or other institution of learning, which may hereafter be incorporated by them." By this chapter 184 the Regents of the University were directed to establish rules and regulations for incorporation by them of institutions of learning, pursuant to the act of April 5, 1813, and were empowered, by an instrument under their seal, duly recorded, to incorporate any institution of learning under such name, with such trustees, such powers and privileges in all respects as required by law or as said Regents shall deem proper, and every such institution so incorporated shall have the general powers of a corporation under the Revised Statues; it provides that the Regents, under the conditions fixed by the statute, may grant a perpetual charter to an existing institution of learning. The Legislature intended by the aforesaid acts that thereafter the New York Medical College for Women and Hospital for Women and Children, in the eye of the law, should be considered as, and have all the advantages enjoyed by, an educational institution organized by the Regents, and the Regents thereafter had power to amend its charter, or revoke its charter and grant a new charter. The later happenings confirm this conclusion.

On June 12, 1866, upon application by the New York Medical College for Women and Hospital for Women and Children, the Regents amended its charter by changing its name to the New York Medical College and Hospital for Women, and at all times since this institution has borne this name.

On June 5, 1894, again upon application of this institution, the Board of Regents voted that, if the trustees of the New York Medical College for Women desired that the standard form of charter, as now granted to all similar institutions should be issued to it, such amended charter should issue; and that, if the trustees did not so request, they show cause at the next meeting of the Regents why their charter should not be amended to the standard form as now issued by the Regents to new institutions of a similar grade. On February 28, 1895, the Board of Regents voted that a standard charter be granted to the New York Medical College and Hospital for Women. This standard charter is still outstanding.

The Regents did not formally annul the existing charter,

but they issued a new charter under which it has since exercised all its corporate functions. This should be considered in effect an annulment of the former charter, which the Regents had a right to annul, and the organization of a new corporation; it should thereafter be considered a corporation created by it. This construction we think was justified by the facts, and it seems plain that the Legislature, when it passed the act of 1920, so intended. Application for removal of the relators had been made to the Regents in 1919, but had been denied because they concluded they did not have the power. The attorney for relators said, at the hearing herein before the committee of the Regents, that, after the former application was denied, this act of 1920 was passed to give the necessary jurisdiction; and that Mr. Burlingame, the attorney who appeared for this application, then a member of the State Senate, was the instigator of the act. This statement was not disputed.

The Regents of the University of the State of New York have had the authority of the Constitution for the exercise of its powers since January 1, 1895.

Article 9, section 2, of the Constitution of the State of New York provides: " The corporation created in the year one thousand seven hundred and eighty-four, under the name of the Regents of the University of the State of New York, is hereby continued under the name of the University of the State of New York. It shall be governed and its corporate powers, which may be increased, modified or diminished by the Legislature, shall be exercised by not less than nine Regents." Under several sections of the Education Law it is provided as follows: § 46. " Subject and in conformity to the Constitution and laws of the State, the Regents shall exercise legislative functions concerning the educational system of the State, * * *." § 59. The Regents have authority by an instrument under their seal to " incorporate any university, college, * * * or other institution or association for the promotion of science, literature, * * * or other department of knowledge, or of education * * *. No institution or association which might be incorporated by the Regents under this chapter shall, without their consent, be incorporated under any other general law * * *." § 62. " 1. The Regents may, at any time, for sufficient cause by an instrument

under their seal and recorded in their office, change the name, or alter, suspend or revoke the charter or incorporation of any institution which they might incorporate under section fifty-nine, if subject to their visitation or chartered or incorporated by the Regents or under general law;   *   *   *." Under chapter 745 of the Laws of 1920, amending subdivision 4 of section 68 of the Education Law, and quoted *supra*, the Regents may remove trustees of a corporation created by them.

These provisions of the Education Law, except the provision of section 68, are re-enactments of former laws and for many years, certainly since the enactment of the University Law (Laws of 1892, chap. 378), it has been the policy of this State that all educational institutions should be incorporated by the Regents and not under any other general law. (*Matter of Lampson,* 33 App. Div. 49, 56–58. See, also, Laws of 1787, chap. 82; Laws of 1889, chap. 529, tit. 2, § 2.) And for a longer period no educational institution could be incorporated without the consent of the Regents. (Laws of 1882, chap. 367.)

We are of opinion that the Regents of the University had jurisdiction and the power to act.

Chapter 745 of the Laws of 1920 was not given a retroactive effect by the Regents. The act went into effect May 12, 1920, and the decision of the Board of Regents is based upon failure to maintain the institution after said date.

Nor do we think there is any conflict of jurisdiction between the Board of Regents and the Supreme Court. There is no conflict with the jurisdiction of a court because some other court or body may have jurisdiction over the same matters of which the Supreme Court has jurisdiction; there may be, and there are many instances of, concurrent jurisdiction in two courts or in two separate bodies over the same subject-matter of action. The act does not at all interfere with, hinder or diminish the jurisdiction of the Supreme Court. There is no conflict of authority occasioned.

Nor is it necessary to the validity of this proceeding that the petitioner should have some interest in the proceeding which gives him standing in court. The statute permits the Regents to remove the trustees of any corporation created by them for misconduct, incapacity, neglect of duty, or where it appears to the satisfaction of the Regents that the corporation

has failed or refuses to carry into effect its educational purposes. The Regents in such matter may take action of their own motion, and however the information is brought to their attention.

The determination here under review should be confirmed and the writ dismissed, with costs.

Present — WOODWARD, COCHRANE, H. T. KELLOGG and VAN KIRK, JJ.; JOHN M. KELLOGG, P. J., not sitting.

Determination unanimously confirmed, writ dismissed,. with fifty dollars costs and disbursements.