Memoeandum.
Order reversed, without costs and the proceeding remitted to the Appellate Division to take such action as may be appropriate, in accordance with the following memorandum:
There is no statutory provision expressly granting villages the right to intervene in liquor license hearings held pursuant tti section 54 (subd. 3) of the Alcoholic Beverage Control Law. True, villages may seek judicial review of the grant of a license by the State Liquor Authority under section 123 of the Alcoholic Beverage Control Law as amended in 1966 (L. 1966, ch. 247; cf. Matter of Forman v. New York State Liq. Auth., 17 N Y 2d 224, 229). The right to seek judicial review of agency action, however, does not necessarily imply the right to intervene in the underlying agency proceedings (compare Matter of Campo Corp. v. Feinberg, 279 App. Div. 302, 308, affd. 303 N. Y. 995 with Matter of City of New York v. Public Serv. Comm., 17 A D 2d 581, 583; but see Matter of Zimet v. New York State Liq. Auth., 27 A D 2d 558, mot. for lv. to app. den. 19 N Y 2d 579). Generally, allowance or denial of applications to intervene in administrative proceedings rests in the discretion of the agency (see 1 Cooper, State Administrative Law, at p. 324; 1 Davis, Administrative Law Treatise, § 8.11, at p. 571; 73 C. J. S., Public Administrative Bodies and Procedure, § 119, at p. 439). Thus, while it may have been preferable to allow the village to participate fully in the hearing, the agency had discretion to limit the village participation as it did.
Ordinarily, proceedings are brought under section 123 to review whether there is insufficient basis for the Authority grant of a liquor license. The Appellate Division, in remitting *620 the matter to the Authority for a new hearing, did not determine whether there was a proper basis for the grant of a license. Section 123, however, is broad enough to permit the grant of a license to be challenged for any alleged illegality. In the instant case, the sole illegality alleged in the petition was the failure to permit the village full participation at the Authority hearing. It was not alleged that the grant of a license was arbitrary or that on the hearing there was an insufficient record. Having determined that the Authority was not required to permit the village full participation at the hearing, the matter should be remitted to the Appellate Division to take such action as may be appropriate.