■ ANTON SPYCHER, Respondent, v ROBERT L. ANDREW, Appellant.— Appeal from an order of the County Court of Chemung County, entered May 20, 1976. Seeking recovery of $848 allegedly still due him under a construction contract between the parties, defendant commenced an action against plaintiff in Justice Court, Town of Elmira, Chemung County, on October 1, 1975. Shortly thereafter, on October 28, 1975, plaintiff commenced an action against defendant in Chemung County Court to recover $5,500 for defendant's alleged breach of the same contract. When plaintiff subsequently moved in County Court, on May 3, 1976, to have the action pending in Justice Court removed to County Court and consolidated with the action pending therein and to have the consolidated actions transferred to Elmira City Court, his motion was granted and this appeal ensued. We hold that the order granting the motion must be affirmed. As conceded by defendant, the County Court had discretionary authority, pursuant to CPLR 602 (subd [b]), to remove to itself the Justice Court action and to consolidate it with plaintiff's action pending in County Court. Moreover, the court did not abuse its discretion because there is no showing that the granting of the motion will result in delay prejudicial to defendant and plaintiff's bill of particulars alleges items of damage which, if satisfactorily proven, would obviously exceed the $1,000 jurisdictional limit of Justice Court. Thus,

plaintiff properly commenced his action in County Court, and he was equitably entitled to the removal and consolidation. With regard to the transferral of the consolidated actions to Elmira City Court, the State Constitution (NY Const, art VI, § 19, subd b) empowers the County Court to take such action, which it justified in its opinion by citing the congested County Court Calendar. Order affirmed, with costs. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.