■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK THOMPSON, JR., Respondent.—Appeal from an order of the County Court of Albany County, entered June 21, 1978, which granted defendant's motion to dismiss the indictment. On January 12, 1978, defendant was indicted for the crime of assault in the first degree in violation of subdivision 1 of section 120.10 of the Penal Law, a class C felony. The indictment alleged that on January 8, 1978, defendant repeatedly whipped Frank Thompson, III, with an electric cord, causing serious physical injury consisting of lacerations of the back, buttocks and genital area. On March 3, 1978, defendant moved to dismiss the indictment on the ground that the victim, who was less than 18 years of age, was his son, and that the Family Court had exclusive original jurisdiction under section 812 of the Family Court Act. The District Attorney opposed the motion on the ground that section 812 of the Family Court Act is ambiguous, and that the Legislature, in amending the section, could not have intended to deprive prosecutors of their ability to deal with child abuses. The County Court dismissed the indictment on the grounds that it lacked jurisdiction since section 812 of the Family Court Act conferred exclusive jurisdiction upon the Family Court over an assault between parent and child where the child is below the age of 18. The People concede that the indictment should have been dismissed, and that the proceedings should have been initiated in the Family Court, but contend that the order should be modified to provide that the dismissal was on the ground that the Family Court had "exclusive original jurisdiction", and, further, to provide for transfer of the proceedings to Family Court. The order of the County Court dismissed the indictment on the "ground of lack of jurisdiction". The alleged error is contained in the decision of the County Court, wherein the court stated: "Nevertheless the language of the statute places exclusive jurisdiction of this conduct with the Family Court." The court, however, cited the language of section 812 of the Family Court Act and *People v Webb* (52 AD2d 8), wherein it is stated that the Family Court has "exclusive original jurisdiction" over the type of conduct involved herein, and the omission of the word "original" in the above quotation is obviously a mere omission or oversight. The New York State Constitution, however, provides for the transfer by the County Court to the proper court of any action or proceeding over which the County Court has no jurisdiction (NY Const, art VI, § 19, subd b). The County Court should, therefore, have transferred the proceedings to the Family Court. Respondent's contention that the People's sole remedy was to bring a CPLR article 78 proceeding against Judge Clyne for the transfer of the proceedings to Family Court is without merit. The dismissal of an indictment is appealable (CPL 450.20) and, on appeal, this court may review any error which adversely affected the People (CPL 470.15). The order of the County Court should, therefore, be modified to provide for transfer of the proceeding to Family Court. Order modified, on the law, to provide for transfer of the proceeding to Family Court, and, as so

modified, affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.