OPINION OF THE COURT
George B. Ceresia, Jr., J.
The individual petitioners, all officers and/or members of the Board of Trustees of Adelphi University, have commenced the instant CPLR article 78 proceeding to stay and prohibit the respondent Board of Regents from continuing with the conduct of a hearing against petitioners pursuant to Education Law § 226 (4).
On April 29, 1996 the individual respondents filed a petition with the Board of Regents seeking removal of the petitioners as officers and/or members of the Board of Trustees of Adelphi University. An amended petition was filed with the Board of Regents on July 7, 1996. The amended petition contains five general categories of allegations: that the trustees have granted the President of Adelphi University an excessive compensation and benefit package, including lavish perquisites, despite what respondents contend is a poor performance record; that the Board of Trustees has taken action on matters notwithstanding the existence of conflicts of interest, resulting in several instances of self-dealing; that the trustees failed to investigate an employee’s theft and misuse of University funds and failed to take remedial action; that the trustees have failed to properly oversee the University with respect to issues regarding members of the administration and faculty, including violations of the University’s Articles of Governance; that there have been acts of misconduct and negligence by the Board of Trustees "with respect to the revelation of the foregoing facts to the public”.
Petitioners indicate that they do not contest the authority of the Board of Regents or their proper designees to conduct an investigation, to prefer a statement of charges against the petitioners or to present evidence before the Board of Regents pursuant to Education Law § 226 (4). They do dispute the specific procedures employed in this instance. The petitioners argue that it is improper for the Board of Regents to entertain the charges contained in the amended petition, prepared and filed as they are by private individuals, since there is no private right of action provided under Education Law § 226 (4). It is argued that the Regents have in this instance, in effect, surrendered their powers, their quasi-judicial authority, to private *137 individuals and entities unconnected with the Board of Regents. There is no authority, petitioners maintain, under either the Constitution or under statute, for the delegation by the Board of Regents of their powers to private individuals. In support of this argument, petitioners make reference to Education Law § 202 (1) under which "all” of the corporate powers of the University of the State of New York are to be exercised by the Regents. Petitioners also cite Education Law § 202 (3) which recites that there are no "ex-officio” members of the Board of Regents.
Petitioners maintain that since the Board of Regents did not prepare the petition, that Regents have not made an essential preliminary determination that there are sufficient facts to warrant commencement of a removal proceeding under Education Law § 226 (4). It is asserted that the Board of Regents has improperly failed to prepare a statement of charges against the petitioners and has wrongfully permitted the prosecutorial function in the removal proceeding to be carried out by private individuals. It is also asserted that the Board of Regents has improperly refused to consider dispositive motions in the removal proceeding.
Petitioners maintain that in permitting the individual respondents to issue subpoenas in connection with these proceedings, that the Board of Regents has effectively delegated and surrendered its investigatory authority contrary to law.
In response to a subpoena, petitioners allegedly produced approximately 7,000 pages of documentation including 1,400 pages of documents which were submitted to the Regents hearing panel subject to a request for an in camera review of the papers by the panel in connection with a request for a protective order. On July 24, 1996 at approximately 11:00 a.m., petitioners were allegedly advised that with the exception of one small category of documents, all papers would be released to the individual respondents at 2:00 p.m. of that same day. Petitioners maintain that all of the prehearing subpoenas constitute improper discovery subpoenas and that the individual respondents actually seek documentation for use in labor/ management disputes with the University.
Petitioners indicate that material obtained as a result of the subpoenas, including confidential information, has been published and delivered to the media, including the New York Times newspaper.
Apart from all of the foregoing, petitioners argue that the Board of Regents has failed to comply with the State Adminis *138 trative Procedure Act with respect to all of the following: failure to provide a statement of the legal authority and jurisdiction under which the hearing is held and under which the individual respondents are given the power to investigate and prosecute the claims; failure to provide a clear statement of the nature of the hearing and allegations, sufficient to prove the claimed misconduct; failure to provide a short and plain statement of the matters asserted against the petitioners; failure to adopt rules governing the proceeding; failure to provide a summary of the rules, adopted by the Board of Regents, which would govern the adjudicatory proceeding contemplated; failure to provide a summary of such rules and procedures in plain language; failure to provide an opportunity to make dis-positive motions and other arguments on issues of law; improperly turning over to the individual respondents confidential documents which have been immediately misused by the individual respondents; and failure to limit the discovery by the individual respondents.
Respondents argue, inter alia, that there has not been an improper delegation of authority by the Board of Regents and that the State Administrative Procedure Act does not apply, since the instant proceeding does not fall within the definition of an "adjudicatory proceeding” (see, State Administrative Procedure Act § 102 [3]). Respondents further argue that in any event, notwithstanding their view that the State Administrative Procedure Act does not apply, the procedures have been in substantial compliance with the State Administrative Procedure Act.
The remedy of prohibition lies only where there is a clear legal right, and only when a court (if a court is involved) acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction (see, Matter of Nicholson v State Commn. on Judicial Conduct, 50 NY2d 597, 605-606; Matter of Rush v Mordue, 68 NY2d 348, 352). The writ of prohibition was originally employed by the English King to curb the powers of ecclesiastical courts, and it must be directed to some inferior tribunal or officer (see, Matter of Dondi v Jones, 40 NY2d 8, 12-13). Prohibition lies to prevent or control judicial or quasi-judicial action only, as opposed to legislative, executive or ministerial action (supra, at 13). It does not issue as a matter of right, but only in the sound discretion of the court (supra). In exercising that discretion a court must weigh a number of factors including the gravity of the harm caused by the excess of power; whether *139 the harm can be adequately corrected on appeal or by recourse to ordinary proceedings at law or in equity; and whether prohibition would furnish a more complete and efficacious remedy even though there are other remedies technically available (see, supra; Matter of Rush v Mordue, supra, at 354). Moreover, the writ of prohibition is not a means of "seeking collateral review of mere trial errors of substantive law or procedure, however egregious the error may be, and however cleverly the error may be characterized by counsel as an excess of jurisdiction or power” (Matter of Rush v Mordue, supra, at 353; see also, Matter of Nicholson v State Commn. on Judicial Conduct, supra, at 606).
Education Law § 226 (4) recites in pertinent part as follows: "The regents may remove any trustee of a corporation created by them for misconduct, incapacity, neglect of duty, or where it appears to the satisfaction of the regents that the corporation has failed or refuses to carry into effect its educational purposes. A hearing in the proceeding for the removal of such trustees shall be had before the board of regents or a committee thereof and the trustees shall be given at least ten days’ notice of the time and place of such hearing.” Education Law § 226 (4) is silent as to the specific procedures to be followed in seeking removal of a trustee.
With respect to the preparation and filing of the petition by the private respondents, while there is little precedent, the court observes that a similar procedure was approved in People ex rel. Diffenbach v Regents of Univ. of State of N. Y. (199 App Div 55 [3d Dept 1921], affd 234 NY 561). The Court stated: "Nor is it necessary to the validity of this proceeding that the petitioner should have some interest in the proceeding which gives him standing in court. The statute permits the Regents to remove the trustees of any corporation created by them for misconduct, incapacity, neglect of duty, or where it appears to the satisfaction of the Regents that the corporation has failed or refuses to carry into effect its educational purposes. The Regents in such matter may take action of their own motion, and however the information is brought to their attention.” (People ex rel. Diffenbach v Regents of Univ. of State of N. Y., supra, at 60-61 [emphasis supplied].) The court concludes that there is nothing contained in the Education Law to bar the filing of a petition by a private individual in a proceeding brought pursuant to Education Law § 226 (4).
The court notes that petitioners make an argument with respect to the nonapplicability of N-PCL 706 (d). It is indicated *140 that the Not-For-Profit Corporation Law is made applicable to a domestic education corporation under Education Law § 216-a (4). N-PCL 706 (d) provides that an action to procure a judgment removing a director for cause may be brought by the Attorney-General or by 10% of the members whether or not entitled to vote. Petitioners point out that N-PCL 706 (d) is expressly inapplicable to domestic education corporations under Education Law § 216-a (4) (c). Petitioners make the argument that by specifically rendering N-PCL 706 (d) inapplicable to education corporations that the Legislature intended to eliminate any private right of action to seek removal of a trustee for cause. In the court’s view, the inapplicability of N-PCL 706 (d) has no direct relevance to a proceeding brought under Education Law § 226 (4). Moreover, it may be interpreted as legislative recognition that a plenary action for a judgment removing a trustee for cause was not needed when dealing with a domestic education corporation in view of the statutory provision for a removal hearing before the Board of Regents, contained in Education Law § 226 (4).
Under the circumstances, the court finds that there is no statutory prohibition to the procedure followed in this instance, by which the petition has been prepared and filed by a private group of individuals. In contrast to the situation involving professional misconduct (see, Education Law § 6510), there is no provision in Education Law § 226 (4) for the preparation of charges or presentation of evidence by the attorney for the Department of Education. The court concludes that the respondent Board of Regents did not exceed its powers and/or jurisdiction by entertaining the petition.
In a similar fashion, the court finds that there has not been an improper delegation of prosecutorial authority to the private respondents. Petitioners have cited the case of Matter of Schumer v Holtzman (60 NY2d 46) in support of this proposition. Schumer, however, involved a situation where the Kings County District Attorney appointed a special prosecutor to investigate certain criminal activities. The Court of Appeals held that relief in the nature of prohibition was proper to prevent the unlawful delegation of prosecutorial authority to the special prosecutor. Critical to that decision, however, was the fact that the District Attorney was a constitutional officer possessing statutory powers, including the authority and duty to carry on criminal investigations and prosecutions. In this instance, there is nothing within Education Law § 226 (4) which even suggests that the Board of Regents must act as prosecutor *141 in a proceeding brought to remove a trustee. Absent the statutory duty to act as prosecutor, it cannot be concluded that there has been a delegation, improper or otherwise, by the Board of Regents. In the absence of specific statutory direction, the court finds there is nothing improper in casting upon the petitioners the burden of supporting the allegations contained in the petition. Moreover, there is nothing in the record to indicate that the Board of Regents has requested or authorized the private respondents herein to conduct an investigation on its behalf. The court concludes that the Board of Regents is properly conducting a hearing pursuant to Education Law § 226 (4) such that, if warranted, "The Regents * * * may take action of their own motion, and however the information is brought to their attention.” (People ex rel. Diffenbach v Regents of Univ. of State of N. Y., supra, 199 App Div, at 61.)
With respect to issues regarding failure of the Board of Regents to adhere to the State Administrative Procedure Act, the court finds that these issues do not fall within the intended scope of the CPLR article 78 remedy of prohibition. The applicability (or nonapplicability) of the State Administrative Procedure Act does not intrude upon the fundamental jurisdiction of the Board of Regents to hear the dispute at hand. As noted above, prohibition lies where the body or officer acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction (see, Matter of Nicholson v State Commn. on Judicial Conduct, 50 NY2d 597, supra; Matter of Rush v Mordue, 68 NY2d 348, supra). Procedural defects and irregularities, such as failure to follow the State Administrative Procedure Act do not involve an excess of jurisdiction. They are properly reviewable at the conclusion of the hearings before the Board of Regents within the context of an article 78 proceeding brought pursuant to CPLR 7803 (3) and (4) to challenge the Board’s determination. The court therefore agrees with respondents that with regard to the applicability of the State Administrative Procedure Act, the petition fails to state a cause of action.
Were the court to reach the issue, the court would determine that petitioners have not demonstrated that the State Administrative Procedure Act applies to proceedings before the Board of Regents. State Administrative Procedure Act applies to "adjudicatory proceedings” as defined in State Administrative Procedure Act § 102 (3) (see, State Administrative Procedure Act § 301). An " '[a]djudicatory proceeding’ means any activity * * * in which a determination of the legal rights, duties or *142 privileges of named parties thereto is required by law to be made only on a record” (see, State Administrative Procedure Act § 102 [3] [emphasis added]). Education Law § 226 (4) is silent as to the necessity of a determination on a record. In Matter of Mary M. v Clark (100 AD2d 41 [3d Dept 1984]) it was held in a proceeding before an academic grievance tribunal at a State University college, that the State Administrative Procedure Act did not apply since there was no requirement that the disciplinary proceeding be on the record (see also, Matter of Gruen v Chase, 215 AD2d 481 [2d Dept 1995]; Matter of Richie v Coughlin, 148 AD2d 178 [3d Dept 1989]). In the case at bar petitioners have not established under what law there exists a requirement that the hearing be held on the record. Under the circumstances the court must find that the State Administrative Procedure Act does not apply.
The court concludes that the remedy of prohibition does not lie in the instant matter and that the article 78 petition should be dismissed.
Accordingly, it is ordered and adjudged, that the petition be and hereby is dismissed.