[652 NYS2d 837]

In the Matter of ADELPHI UNIVERSITY et al., Appellants, v
BOARD OF REGENTS OF THE STATE OF NEW YORK et al.,
Respondents.

Third Department, January 23, 1997

APPEARANCES OF COUNSEL

*Paul, Hastings, Janofsky & Walker,* Stamford, Connecticut *(Thomas F. Gleason* and *Brendan C. O'Shea,* Albany *[Gleason, Dunn, Walsh & O'Shea]* of counsel), for Adelphi University, appellant.

*Kathy A. Ahearn,* Albany *(Charles E. O'Brien* and *Erin M. O'Grady-Parent* of counsel), for Board of Regents, respondent.

*Gladstein, Reif & Meginniss,* New York City *(James Reif* and *Beth M. Margolis* of counsel), for The Committee To Save Adelphi and others, respondents.

OPINION OF THE COURT

CARPINELLO, J.

Petitioners to this proceeding are Adelphi University, a private, not-for-profit university in Nassau County, and its 20 duly appointed trustees and officers. They seek a judgment against respondents staying and prohibiting respondent Board of Regents from conducting a hearing against the trustees pursuant to Education Law § 226 (4) upon a petition generated by a party other than the Board of Regents or its legally appointed designee. They also seek a declaration that such hearing, in any event, must be conducted pursuant to the State Administrative Procedure Act and that the remaining respondents[1] have no authority to initiate or conduct a trustee removal proceeding.[2] Supreme Court dismissed the petition finding, *inter alia,* that the remedy of prohibition does not lie in this

---

1. In addition to the Board of Regents, respondents to this CPLR article 78 proceeding include the Committee to Save Adelphi (a voluntary association comprised of Adelphi faculty, students, parents of students, alumni and former trustees), the Adelphi Faculty Senate, numerous professors and adjunct professors, alumni, former trustees and parents.

2. Supreme Court (Harris, J.) denied petitioners' request for a temporary restraining order staying the Board of Regents from conducting the hearing which was scheduled to begin one day later. Petitioners then moved in this Court, by order to show cause, for permission to appeal Supreme Court's denial of the temporary restraining order and for a stay pending appeal. The motion was denied.

proceeding (170 Misc 2d 135). Petitioners appeal. Having granted petitioners' request for a preference and denied their request for a stay pending appeal, we now affirm.

We start our analysis by noting the well-settled principle that the extraordinary and infrequently permitted remedy of prohibition, which serves to restrain an officer from acting without or in excess of jurisdiction, will not lie absent a showing of a clear legal right to the relief requested (*see*, CPLR 7801, 7803 [2]; *see also, Matter of Dondi v Jones*, 40 NY2d 8, 13). Moreover, "[e]ven in those rare circumstances where an arrogation of power would justify engaging the judicial process in collateral intervention and summary correction" (*Matter of Jacobs v Altman*, 69 NY2d 733, 734-735), the decision to issue a writ is left to the court's sound discretion (*see, Matter of Rush v Mordue*, 68 NY2d 348, 354; *Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 147, *cert denied* 464 US 993).

The important legal question before this Court is whether the present removal proceeding pending against the trustees is in violation of the Education Law because the Board of Regents exceeded its authorized quasi-judicial powers by impermissibly delegating its authority to initiate and prosecute such proceedings to private citizens. Because the Board of Regents neither drafted the trustee removal petition nor verified the accuracy of the factual allegations contained therein before scheduling the removal hearing and is not itself prosecuting the allegations against the trustees, petitioners would have us answer this question in the affirmative. They urge that the Board of Regents *alone* possesses the authority to investigate, prepare and prosecute trustee removals proceedings.

The Board of Regents, as head of the State Department of Education (*see*, NY Const, art V, § 4), has been given full authority to regulate and manage educational institutions in this State, including Adelphi and the trustees thereof (*see*, Education Law §§ 201, 202 [1]). Of critical importance to the implementation of the Board of Regents' powers is the broad legislative function with which it has been endowed, i.e., to "establish rules for carrying into effect the laws and policies of the [S]tate, relating to education" (Education Law § 207). There can be no dispute that a trustee removal procedure pursuant to Education Law § 226 (4) rightly belongs within the jurisdiction of the Board of Regents.

Education Law § 226 (4) provides, as is relevant here, that "[t]he [Board of Regents] may remove any trustee * * * for misconduct, incapacity, neglect of duty, or where it appears to

the satisfaction of the [Board of Regents] that the corporation has failed or refuses to carry into effect its educational purposes". The only express requirement enunciated under the statute is a hearing before the Board of Regents or its committee on notice to the trustees. Education Law § 206 further mandates that "any decision or determination * * * shall be made by the [Board of Regents]". Notably, no mechanism has been set up under the Education Law for either the investigatory or prosecutorial phases of trustee removal proceedings (*compare*, Education Law § 6510). In the absence of such mechanism, this Court will not impose one.

Given the paucity of a detailed procedure under Education Law § 226 (4), the Board of Regents was necessarily left to determine the procedure most suitable to accomplish the legislative goal of permitting and conducting trustee removal proceedings. To this end, we note that the Board of Regents was granted the authority to remove university trustees over 75 years ago (*see*, L 1920, ch 745). Since then, the record reveals, there have been only four trustee removal proceedings, which includes the proceeding at issue in this case. And, although not dispositive, it is noteworthy that each of the preceding petitions for removal was filed by a third party. Moreover, this Court noted in *People ex rel. Diffenbach v Regents of Univ. of State of N. Y.* (199 App Div 55, 60-61, *affd* 234 NY 561) that: "Nor is it necessary to the validity of this proceeding that the petitioner should have some interest in the proceeding which gives him standing in court. The statute permits the Regents to remove the trustees of any corporation created by them for misconduct, incapacity, neglect of duty, or where it appears to the satisfaction of the Regents that the corporation has failed or refuses to carry into effect its educational purposes. *The Regents in such matter may take action of their own motion, and however the information is brought to their attention*" (emphasis supplied).

In this case, in response to allegations of neglect and misconduct on the part of the trustees and a request that an "Education Law § 226 * * * action be initiated", respondent Gayle D. Insler was advised by a representative of the Department of Education that "a formal petition under Education Law § 226 is needed before the Board of Regents can review this matter". Insler was further advised, *inter alia*, that "[t]he petition must be verified, must set forth the ground or grounds upon which each named trustee is subject to removal, and should provide statements sufficiently particular to give the

Board of Regents and the other parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved". Our review of the amended petition seeking removal of the trustees convinces us that these procedures were in fact complied with by respondents. The amended trustee removal petition is verified and sufficiently detailed. More importantly, *prior* to convening the three-member panel to hear the charges, the Board of Regents reviewed the removal petition for legal sufficiency.

In view of the broad policy-making powers granted to the Board of Regents by the Legislature under Education Law § 207 and the lack of any detailed procedures within Education Law § 226 (4) as to how and by whom said proceedings *must* be initiated and conducted, we find that it was permissible for the Board of Regents to establish procedures for same. In so doing, the Board of Regents was merely filling the interstices of the legislative policy to remove recalcitrant, incapacitated or neglectful trustees (*see generally, Boreali v Axelrod*, 71 NY2d 1, 13; *Matter of Nicholas v Kahn*, 47 NY2d 24, 31).

More importantly, we find that the Board of Regents is acting within its authority in opting to permit third parties to draft and prosecute trustee removal petitions rather than do so itself. We are unpersuaded that this constitutes an impermissible delegation of the Board of Regents' powers (*cf., Matter of International Serv. Agencies v O'Shea*, 104 Misc 2d 1071). The only express function conferred upon the Board of Regents under Education Law § 226 (4) is adjudicatory. Since no provisions are in place conferring exclusive investigatory or prosecutorial functions on the Board of Regents, it could not divest itself of same.

Moreover, to the extent that permitting private parties to draft and prosecute trustee removal petitions can be construed as a delegation of the Board of Regents' authority, we find it to be a reasonable and necessary act on its part to further the legislative schemes of promoting educational policies in this State and removing trustees whose acts fall within the conduct proscribed under the statute (*see, e.g., Matter of City of New York v State of N. Y. Commn. on Cable Tel.*, 47 NY2d 89, 92). As a practical matter, only individuals and organizations closely associated with a particular university would possess sufficient information regarding a trustee's alleged misconduct, incapacity or neglect of duty to be able to fairly and adequately detail same in a removal petition. It is not unreasonable, therefore, that these individuals or organizations be permitted

to initiate a removal proceeding by way of a detailed, verified petition and also have the burden of proving the allegations at a hearing before the Board of Regents or a committee thereof. Moreover, unlike *Seattle Trust Co. v Roberge* (278 US 116), the removal of trustees in this State cannot be *determined* by the whim of private citizens who may be motivated by selfish reasons because the Board of Regents alone possesses adjudicatory authority.

Since petitioners failed to demonstrate that the removal proceeding against them is being conducted in excess of the Board of Regents' jurisdiction, they have not demonstrated a clear legal right to the relief requested. Accordingly, prohibition does not lie. As a final matter, the issue of whether the State Administrative Procedure Act applies to the instant proceeding does not encroach on the Board of Regents' fundamental jurisdiction and therefore petitioners are not entitled to the requested relief of prohibition on this basis. We further note that this issue can be raised in a CPLR article 78 proceeding in the event of an adverse determination by the Board of Regents (*see, Matter of Doe v Axelrod*, 71 NY2d 484, 490).

We have reviewed petitioners' remaining contentions and find them to be unpersuasive.

MERCURE, J. P., WHITE, CASEY and PETERS, JJ., concur.

Ordered that the judgment is affirmed, without costs.