[655 NYS2d 201]

In the Matter of PENELOPE D. CLUTE, as District Attorney of
the County of Clinton, Petitioner, v PATRICK McGILL, as
Clinton County Judge, et al., Respondents.

Third Department, March 20, 1997

APPEARANCES OF COUNSEL

*Penelope D. Clute, District Attorney* of Clinton County, Plattsburgh, petitioner *pro se.*

## OPINION OF THE COURT

PETERS, J.

Between July 28, 1995 and August 4, 1995, Mark Lavarnway, Terry Bordeau and Willard A. Stone, Jr. were each charged by criminal information filed in Justice Court of the Town of Schuyler Falls with petit larceny and conspiracy in the sixth degree. Lavarnway and Bordeau were further charged with the local code violation of scavenging.

On August 9, 1995, petitioner put Justice Court on notice that she intended to present the case to the Grand Jury. Shortly thereafter, a three-count indictment was returned charging the criminal defendants with the misdemeanors of petit larceny and official misconduct, and the violation of scavenging. Defendants were arraigned in County Court.

On February 8, 1996, defendants moved to transfer the indictment from County Court to Justice Court. Respondent Clinton County Judge, relying on NY Constitution, article VI, § 19 (b), concluded that he was empowered to effectuate such transfer and granted defendants' motion. Petitioner thereafter commenced the instant proceeding seeking a writ of prohibition against the County Judge to prohibit such transfer and against the two Justices of the Town of Schuyler Falls to bar them from any further disposition.

Relying upon CPL 170.20, which divests a local criminal court of jurisdiction over a misdemeanor charge upon the filing of an indictment charging the same crime in a superior court, petitioner contends that once Justice Court lost jurisdiction County Court was without authority to reinstate the matter. "The People," petitioner argues, "have a clear legal right to prosecute the instant misdemeanor offense by [i]ndictment in Clinton County Court."

While petitioner has, no doubt, seized upon the "appropriate procedural vehicle" for the assertion of her claim (*Matter of Pirro v Angiolillo*, 89 NY2d 351, 355), "the extraordinary and infrequently permitted remedy of prohibition, which serves to restrain an officer from acting without or in excess of jurisdiction, will not lie absent a showing of a clear legal right to the relief requested" (*Matter of Adelphi Univ. v Board of Regents*, 229 AD2d 36, 38). NY Constitution, article VI, § 19 (b) provides,

in pertinent part, as follows: "The county court may transfer *any action* or proceeding, except a criminal action or proceeding involving a felony prosecuted by indictment * * * to any court, other than the supreme court, having jurisdiction of the subject matter within the county provided that such other court has jurisdiction over the classes of persons named as parties" (emphasis supplied). Hence, were we to support petitioner's effort to limit the constitutional authority of County Court by adopting an expansive reading of CPL 170.20, we would "additionally and precedentially strengthen[ ] the procedural hand of one party (the prosecutor), not only over defendants but especially over neutral Magistrates, who should equally oversee both contending parties before courts" (*Matter of Pirro v Angiolillo, supra,* at 361 [Bellacosa, J., dissenting]).

We hold that while the People have a clear legal right to present misdemeanor charges to a Grand Jury in order to prosecute crimes by indictment "in a superior court" (CPL 170.20 [2]), if the indictment returned does not charge a felony County Court has the constitutional authority to transfer the matter to any Justice Court having jurisdiction. Therefore, although Justice Court here initially lost jurisdiction by way of the ensuing indictment (*see, People v Brancoccio,* 83 NY2d 638; *Matter of Molea v Marasco,* 64 NY2d 718; *Matter of Cummings v Koppell,* 212 AD2d 11, *lv denied* 86 NY2d 702), it properly regained jurisdiction by way of a constitutionally authorized transfer (*see,* NY Const, art VI, § 19 [b]; *see also, People v Thompson,* 70 AD2d 968; *Spycher v Andrew,* 55 AD2d 715).

MERCURE, J. P., WHITE, CASEY and SPAIN, JJ., concur.

Adjudged that the petition is dismissed, without costs.