◼ In the Matter of CORTLAND GLASS COMPANY, INC., Appellant, v LINDA ANGELLO, as Commissioner of Labor, et al., Respondents. [752 NYS2d 741] —Kane, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered March 18, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondent Commissioner of Labor from permitting respondent Iron Workers Local 417 to intervene in an adjudicatory proceeding brought pursuant to Labor Law § 220.

By notice dated October 5, 2001, the Department of Labor notified petitioner that it was scheduling a Labor Law § 220 (8) hearing in December 2001 to determine whether petitioner violated prevailing wage requirements. It was alleged that petitioner had failed to pay the prevailing wage on four public work projects by paying glaziers' rates as opposed to ironworkers' rates for the installation of preglazed windows. Respondent Iron Workers Local Union 417 (hereinafter the union) requested permission to intervene in the administrative hearing, claiming a "substantial interest" in the outcome of the proceeding. Petitioner opposed the application. The Hearing

Officer, inter alia, permitted the union to intervene. Thereafter, petitioner commenced this CPLR article 78 proceeding seeking to prohibit respondent Commissioner of Labor from permitting the union to intervene.[1] Supreme Court dismissed the proceeding, holding that the Commissioner is authorized to allow permissive intervention in adjudicatory proceedings. Petitioner now appeals.

Initially, we reject the union's argument that petitioner's appeal is not ripe for review. This is not an interlocutory review of an agency's actions but, rather, a review of the Hearing Officer's grant of intervention, which petitioner alleges is beyond the jurisdiction of the Hearing Officer. Upon a proper showing, prohibition may lie from a nonfinal agency action (*see Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 96).

Fundamentally, the remedy of prohibition is available to prevent an officer from proceeding or threatening to proceed without or in excess of jurisdiction (*see Matter of Doe v Axelrod*, 71 NY2d 484, 490; *see also Matter of Rush v Mordue*, 68 NY2d 348, 353), and " 'will not lie absent a showing of a clear legal right to the relief requested' " (*Matter of Clute v McGill*, 229 AD2d 70, 71, *lv denied* 90 NY2d 803, quoting *Matter of Adelphi Univ. v Board of Regents*, 229 AD2d 36, 38) or that the officer acted in excess of his or her powers in a manner that implicated "the legality of the entire proceeding" (*Matter of Rush v Mordue, supra* at 353).

"Generally, allowance or denial of applications to intervene in administrative proceedings rests in the discretion of the agency" (*Matter of Village of Pleasantville v Lisa's Cocktail Lounge*, 33 NY2d 618, 619 [citations omitted]; *see Matter of Campo Corp. v Feinberg*, 279 App Div 302, 308, *affd* 303 NY 995).[2] Petitioner's observation that the holding of this Court in *Matter of International Assn. of Bridge, Structural & Ornamental Iron Workers, Local Union No. 6, AFL-CIO v State of New York* (280 AD2d 713) precludes intervention in administrative proceedings is incorrect. Contrary to petitioner's analysis of that case, this Court held that the union there lacked standing under Labor Law § 220 (8) to obtain judicial review of a final decision by the Department of Labor because the union had not been a party to the administrative proceeding. The rules for permissive intervention in administrative proceedings are

---

1. Supreme Court ordered that the union be added as a party to the CPLR article 78 proceeding.

2. The parties agree that neither the Department of Labor regulations nor the State Administrative Procedure Act expressly authorizes nor addresses intervention in pending administrative proceedings.

broader than those for standing to sue in judicial proceedings (*see O'Brien v Barnes Bldg. Co.*, 85 Misc 2d 424, 439, *affd sub nom. Matter of O'Brien v Biggane*, 48 AD2d 1018).

Furthermore, because a party is defined in State Administrative Procedure Act § 102 (7) as "any person or agency named or admitted as a party or properly seeking and entitled as of right to be admitted as a party," we agree with Supreme Court that "[i]t does not appear that an unnamed party could be admitted as a party through any procedure other than intervention." Thus, the court reasonably construed the statute to authorize permissive intervention. Petitioner has failed to establish here that the Hearing Officer has proceeded in violation of a clear legal bar in granting intervention (*see Matter of Haggerty v Himelein*, 89 NY2d 431, 437). Hence, Supreme Court properly concluded that petitioner failed to satisfy its burden of establishing its entitlement to the remedy of prohibition.

Crew III, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.