*715 OPINION OF THE COURT
John S. Hall, Jr., J.
The People appeal from a decision and order by the Honorable Bruce W. Hayes, dated May 20, 2009, finding that the Lake Luzerne Town Court did not have jurisdiction over this matter. The People appealed said decision. The People filed an affidavit of errors on June 19, 2009. They filed their brief and appendix, on or about, June 24, 2009. The court received an answer to the affidavit of errors from Justice Bruce Hayes on July 3, 2009. Defendant filed his opposition papers on July 17, 2009.
The People allege that the lower court erred in holding that a local court lacks jurisdiction over misdemeanor counts contained in an indictment which are transferred from County Court to local court. The People also allege that the lower court erroneously dismissed two misdemeanor counts of endangering the welfare of a child on CPL 30.30 grounds.
On August 15, 2008 a Warren County grand jury issued an indictment charging the defendant with three counts of possessing obscene sexual performance by a child, all class E felonies, and two counts of endangering the welfare of a child, both class A misdemeanors. However, the defendant alleged, and the People agreed, that if the defendant possessed a sexual performance by a child, it was on a computer located in the defendant’s home in Saratoga County.
Therefore, Warren County had no jurisdiction over the alleged felonies. On January 26, 2009 this court signed an order on consent dismissing all three felonies. The two remaining misdemeanor counts were transferred from County Court to the Lake Luzerne Town Court on consent of the parties by the terms of that order. Article VI, § 19 (b) of the New York State Constitution authorizes the County Court to transfer “any action or proceeding ... to any court, other than the supreme court, having jurisdiction of the subject matter within the county provided that such other court has jurisdiction over the classes of persons named as parties.” (See Matter of Clute v McGill, 229 AD2d 70 [3d Dept 1997].) One of the exceptions to this rule is “a criminal action or proceeding involving a felony prosecuted by indictment.” (NY Const, art VI, § 19 [b].) However, after the felony counts were dismissed by this court, the proceeding no longer involved a “felony prosecuted by indictment.”
Town Court correctly determined that the accusatory instrument was not one of those listed in CPL 100.10. However this is *716 of little import as this list is not exclusive. According to the case law, the State Constitution also provides a method of transferring indictments to local courts. Once the matter was properly-transferred to the local court, Town Court regained jurisdiction over the pending misdemeanor charges.
In Clute v McGill, the District Attorney presented, and obtained, an indictment for misdemeanor charges. Similar to the case at bar, it appeared that the local court lost jurisdiction due to the issuance of the indictment. However, the Appellate Division, relying on the superior authority of the New York State Constitution, held where “the indictment . . . does not charge a felony[,] County Court has the constitutional authority to transfer the matter to any Justice Court having jurisdiction. Therefore, although Justice Court here initially lost jurisdiction by way of the ensuing indictment... it properly regained jurisdiction by way of a constitutionally authorized transfer.” (229 AD2d at 72 [citations omitted].)
The lower court did not decide the defendant’s CPL 30.30 motion due to its mistaken belief that it did not have jurisdiction. Therefore this matter is remitted to lower court for a determination on that motion.
Based on the foregoing it is hereby ordered that the People’s motion is granted, and the lower court’s decision and order is reversed because it properly had jurisdiction, and it is further ordered that the matter is remitted to lower court for a determination on the defendant’s CPL 30.30 motion.