■ PETER N. LUPOLI, Respondent, v VENUS LABORATORIES, INC., et al., Appellants. [731 NYS2d 217] —In an action to recover damages for breach of a lease, the defendants appeal from an amended judgment of the Supreme Court, Nassau County (Franco, J.), dated May 30, 2000, which, after a nonjury trial, is in favor of the plaintiff and against the defendant Venus Laboratories, Inc., in the sum of $287,044.41, and awarded the

plaintiff an attorney's fee in the sum of $73,056.66 payable by that defendant.

Ordered that the appeal by the defendant E. Van Vlahakis is dismissed, without costs or disbursements, as that defendant is not aggrieved by the amended judgment appealed from (*see,* CPLR 5511); and it is further,

Ordered that the amended judgment is modified, on the law and the facts, by (1) deleting the provision thereof awarding judgment in favor of the plaintiff and against the defendant Venus Laboratories, Inc., in the sum of $287,044.41, and substituting therefor a provision awarding judgment in favor of the plaintiff and against the defendant Venus Laboratories, Inc., in the sum of $175,031.91, and (2) deleting the provision thereof awarding an attorney's fee to the plaintiff in the sum of $73,056.66, and substituting therefor a provision awarding the plaintiff an attorney's fee in the sum of $26,254.78; as so modified, the amended judgment is affirmed, without costs or disbursements.

After a trial limited to the issue of damages, the Supreme Court awarded judgment in favor of the plaintiff and against the defendant Venus Laboratories, Inc. (hereinafter Venus) in the sum of $487,044.41, as damages for breach of the lease, inclusive of prejudgment interest at 9%, and also awarded the plaintiff an attorney's fee in the sum of $73,056.66, equal to 15% of the damage award, in accordance with the terms of the lease. Venus moved to vacate the judgment, arguing, *inter alia*, that the damages should have been reduced by $200,000, which the plaintiff had received in settlement of a prior action as damages for breach of the same lease. The Supreme Court granted Venus's motion to the extent of reducing the damage award by $200,000, and an amended judgment was entered.

The plaintiff is not entitled to interest on the $200,000 for the period after he received those funds (*see, Love v State of New York,* 78 NY2d 540). Nor is the plaintiff entitled to an attorney's fee based on that amount. Pursuant to the terms of the lease, the plaintiff is entitled to attorneys' fees of 15% of "any part of" rent, defined as any charges accruing pursuant to the terms of the lease, which are "collected by suit or by attorney." The $200,000 was not collected in this lawsuit; rather, this was the amount collected in a prior lawsuit, offset against the amount collected in this lawsuit. An attorney's fee must be sought in the action in which it is incurred, and not in a subsequent action (*see, 930 Fifth Corp. v King,* 42 NY2d 886; *Wavertree Corp. v 136 Waverly Assocs.,* 258 AD2d 392).

After deducting the interest on the $200,000 for the period

after the plaintiff received those funds, the amount of "rent" collected in this lawsuit amounts to $175,031.91. The plaintiff is entitled to an attorney's fee of 15% of that amount, or $26,254.78.

The remaining contentions of Venus are unpreserved for appellate review or without merit. Altman, J. P., Goldstein, McGinity and Cozier, JJ., concur.