■ JONATHAN SYLLMAN, Appellant, v 67-25 DARTMOUTH STREET CORP., Respondent. [759 NYS2d 355] —In an action, inter alia, to recover damages for the alleged improper refusal to permit the sublease of the plaintiff's apartment, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Milano, J.), dated April 18, 2002, which, after a trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

We reject the plaintiff's contention that he was damaged by the actions of the Board of Directors (hereinafter the Board) of the defendant cooperative apartment house in adopting a rule prohibiting subleasing by a proprietary lessee before the lessee had resided in the subject apartment for two years. Even assuming, as the plaintiff contends, that the rule was adopted in bad faith, the proof at trial showed that even after the rule was adopted, the plaintiff continuously subleased his apartment. Furthermore, the plaintiff admitted that his first sublessees had moved into and resided in the subject apartment notwithstanding the plaintiff's failure to obtain Board approval of the sublease as required by the original terms of the proprietary lease. He also admitted that those sublessees left of their own accord. Thus, he failed to prove that he was damaged by any of the Board's actions in changing the sublease rules even if those actions were taken in bad faith.

The plaintiff's remaining contentions are without merit. Florio, J.P., Schmidt, Townes and Crane, JJ., concur.