■ 67-25 Dartmouth Street Corp., Appellant-Respondent, v Jonathan Syllman, Respondent-Appellant. [817 NYS2d 299]—

In an action to recover attorneys' fees allegedly due pursuant to a proprietary lease, the plaintiff appeals, as limited by its

brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated May 3, 2005, as denied its motion for summary judgment and granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and the defendant cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [e] [1]; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff, a cooperative apartment corporation (hereinafter the cooperative), seeks to recover attorneys' fees allegedly due pursuant to a proprietary lease between it and the defendant, a shareholder in the cooperative (hereinafter the shareholder). Paragraph 28 of the propriety lease provides, in pertinent part that "[i]f the Lessee shall at any time be in default hereinunder and the Lessor shall incur any expense (whether paid or not) in . . . defending, or asserting a counterclaim in, any action or proceeding brought by the Lessee, the expense thereof to the Lessor, including reasonable attorneys' fees and disbursements, shall be paid by the Lessee to the Lessor, on demand, as additional rent." The cooperative alleges that it is entitled to recover legal fees incurred in defending a prior action brought by the shareholder against it, inter alia, to recover damages for breach of a duty to exercise good faith with respect to the shareholder's rights to sublet his apartment.

The cooperative asserted no counterclaims in the prior action. This Court, in affirming the dismissal of the prior action, found that the shareholder failed to establish any damages incurred from the cooperative's purported failure to act in good faith (*see Syllman v 67-25 Dartmouth St. Corp.*, 305 AD2d 580 [2003]). Since no damages were established, the question of whether either party violated any duty to the other was not decided.

The Supreme Court granted that branch of the shareholder's cross motion which was for summary judgment dismissing the complaint for attorneys' fees on the ground that the cooperative's failure to counterclaim for attorneys' fees in the prior action resulted in "the splitting of a cause of action which is prohibited" (*Columbia Corrugated Container Corp. v Skyway Container Corp.*, 37 AD2d 845 [1971], *affd* 32 NY2d 818 [1973]; *see 930 Fifth Corp. v King*, 42 NY2d 886 [1977]).

In New York there are no compulsory counterclaims. "Our permissive counterclaim rule may save from the bar of res

judicata those claims for separate or different relief that could have been but were not interposed in the parties' prior action . . . [but] does not . . . permit a party to remain silent in the first action and then bring a second one on the basis of a preexisting claim for relief that would impair the rights or interests established in the first action" (*Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y.,* 68 NY2d 456, 462 n 2 [1986]).

In the instant case, consideration of the cooperative's claim for attorneys' fees would require the reconsideration of the issues raised in the prior action to determine, inter alia, whether the shareholder was in default, impairing the rights or interests of the shareholder as well as constituting a waste of judicial resources.

In view of the foregoing, the cooperative's complaint was properly dismissed. Florio, J.P., Adams, Santucci and Lunn, JJ., concur.