OPINION OF THE COURT
Memorandum.
Judgment reversed without costs and action dismissed.
Substantial justice was not done between the parties in accordance with the rules and principles of substantive law (CCA 1804, 1807) in this small claims action seeking payment of per diem rent for the defendant seller’s holding over past the date upon which possession of the real property at issue was to be delivered to the plaintiff buyer. The $800 claim at issue herein should have been raised in a prior small claims action between plaintiffs wife (also a party to the contract of sale) and defendant herein for breach of the contract of sale as modified by the escrow agreement, and, as defendant correctly argued below, the present claim, also brought for breach of the escrow agreement, represents an improper splitting of a cause of action.
Defendant did not enter into any separate agreement, in addition to the contract of sale and escrow agreement sued upon in the prior action, to pay the per diem rent and did not acquiesce in the bringing of this separate claim for it. The court below noted defendant’s objection to this second action (see Brown v Lockwood, 76 AD2d 721, 740 [1980]; cf. Miller v Mariani, 7 Misc 3d 136[A], 2005 NY Slip Op 50779[U] [App Term, 9th & 10th Jud Dists 2005]). An unexecuted “acknowledgment,” sent by defendant’s counsel to plaintiffs counsel that the sum sought herein was due, was in reality a proposal to dispose of property damage disputes, after which the $800 would be paid, and such payment was contingent upon the buyers’ agreement not to pursue further action on their claim that the property was turned over to them in a dirty and damaged condition in breach of the contract of sale and the escrow agreement. The buyers did in fact pursue this claim in the prior small claims action, and obtained a $1,200 judgment. That judgment did not make provision to sever and preserve the present per diem rent claim, even though the court specifically referred in its decision in that matter to the fact that defendant had held over after the date on which possession of the premises was to be delivered, and thus the court was clearly aware of the issue.
As the claim for $800 in per diem payments for defendant’s holding over was properly part of a single cause of action for *22 money damages for breach of the contract of sale and the escrow agreement, and as adjudicating it in this second matter impairs the rights to the escrow funds established upon the first claim (see 67-25 Dartmouth St. Corp. v Syllman, 29 AD3d 888 [2006]), plaintiff was required to litigate this claim as part of the prior small claims action (see Joshua A. Becker & Assoc, v State of New York, 79 AD2d 599 [1980]). Accordingly, the present action must be dismissed. The fact that the parties may have consciously chosen not to place the issue of the per diem charges before the court in the prior small claims action does not alter this outcome (see Schwartzreich v E.P.C. Carting Co., 246 AD2d 439, 441-442 [1998]).
Golia, J.E, Rios and Belen, JJ., concur.