■ Liam Wax, by His Mother and Natural Guardian, Noa Wax, et al., Appellants, v 716 Realty, LLC, et al., Respondents, et al., Defendants. [58 NYS3d 83]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated November 19, 2014, as granted those branches of the motion of the defendants 716 Realty, LLC, Ace Management Realty, LLC, and Topco Pest Control, Inc., which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as barred by the doctrines of res judicata and collateral estoppel, denied that branch of their motion which was pursuant to CPLR 3215 for leave to enter a default judgment against those defendants and, in effect, denied that branch of their motion which was pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against those defendants.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of

the defendants 716 Realty, LLC, Ace Management Realty, LLC, and Topco Pest Control, Inc., which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as barred by the doctrines of res judicata and collateral estoppel, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Ilena Zadik entered into a one-year lease to rent an apartment in a building in Brooklyn owned by the defendant 716 Realty, LLC (hereinafter 716 Realty), and managed by the defendant Ace Realty Management, LLC (hereinafter Ace). In January 2011, Zadik, along with her daughter Noa Wax and grandson Liam Wax, moved into the apartment. In February 2011, the defendant Topco Pest Control, Inc. (hereinafter Topco), began treating the apartment for an alleged bedbug infestation.

Beginning in March 2011, Zadik stopped paying rent. 716 Realty commenced a summary eviction proceeding in the Housing Part of the Civil Court, and obtained a judgment that awarded possession of the apartment to 716 Realty. 716 Realty also commenced a separate action in the Civil Court against Zadik to recover unpaid rent and attorney's fees that it had incurred in prosecuting the summary eviction proceeding. At a nonjury trial, 716 Realty presented evidence that it sustained $12,595 in damages arising out of the unpaid rent and attorney's fees. At the trial, Zadik presented evidence of the alleged bedbug infestation in an effort to obtain a rent abatement. At the conclusion of the trial, the Civil Court awarded 716 Realty the sum of $10,800.

Zadik, Noa Wax, and Liam Wax (hereinafter collectively the plaintiffs) subsequently commenced this action in the Supreme Court against 716 Realty, Ace, and Topco (hereinafter collectively the defendants), among others, inter alia, to recover damages for personal injuries arising out of bedbug bites that the plaintiffs allegedly received.

In light of the lack of prejudice to the plaintiffs resulting from the defendants' short delay in appearing or answering the complaint, the lack of willfulness on the part of the defendants, the existence of potentially meritorious defenses, and the public policy favoring resolution of cases on the merits, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was pursuant to CPLR 3215 for leave to enter a default judgment against the defendants (see Spence v Davis, 139 AD3d 703, 704 [2016]; Gonzalez v Seejattan, 123 AD3d 762, 763 [2014]).

The Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as barred by the doctrine of res judicata, or claim preclusion. "Under New York's transactional approach to [res judicata], once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*Matter of Josey v Goord*, 9 NY3d 386, 389-390 [2007] [internal quotation marks omitted]). However, because New York does not have a compulsory counterclaim rule, a defendant who fails to assert a counterclaim is not barred by the doctrine of res judicata from subsequently commencing a new action on that claim unless the claim would impair the rights or interests established in the first action (*see Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y.*, 68 NY2d 456, 462 n 2 [1986]; *Sweet Constructors, LLC v Wallkill Med. Dev., LLC*, 106 AD3d 810, 811 [2013]; *Energycresent, Inc. v Creative Modules Enters.*, 183 AD2d 804 [1992]; *Pace v Perk*, 81 AD2d 444, 459-460 [1981]). Here, if the plaintiffs are successful on the causes of action that they assert in this action, it would not impair the rights that were established in the two prior Civil Court proceedings, i.e., the rights of 716 Realty to recover possession of the apartment and to recover the sum of $10,800 from Zadik (*cf. Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y.*, 68 NY2d at 462). Accordingly, the failure of Zadik to assert these claims as counterclaims in the two prior Civil Court proceedings does not preclude the plaintiffs from asserting them in this action.

The Supreme Court also should have denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as barred by the doctrine of collateral estoppel, or issue preclusion. "Collateral estoppel applies if the identical issue sought to be precluded was necessarily decided in an earlier action, at which the party opposing preclusion had a full and fair opportunity to contest the issue" (*Auqui v Seven Thirty One Ltd. Partnership*, 20 NY3d 1035, 1037 [2013]). Here, the defendants failed to establish that an issue identical to one presented in this action was necessarily decided in either of the two prior Civil Court proceedings.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions

against the defendants. The plaintiffs failed to demonstrate that the defendants engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (*see* 22 NYCRR 130-1.1 [c]; *Swartz v Swartz*, 145 AD3d 818, 831 [2016]).

The plaintiffs' remaining contentions are either without merit or not properly before this Court. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.