■ RICHARD P. RACKOWSKI, Appellant, v ABIY ARAYA et al., Defendants. [58 NYS3d 698]—

Rose, J. Appeal from an order of the County Court of Fulton County (Hoye, J.), entered March 17, 2015, which affirmed a judgment of the City Court of the City of Gloversville in favor of defendants.

In 2005, defendants commenced an action pursuant to RPAPL article 15 to extinguish the right-of-way of plaintiff and one of his family members over Bertrand Road Extended in the Town of Mayfield, Fulton County. Plaintiff answered and stated

a counterclaim alleging that defendants had interfered with his family's use of the right-of-way. After defendants failed to pursue the action, Supreme Court (Aulisi, J.) dismissed the complaint and granted plaintiff's counterclaim, determining that plaintiff's family has a right-of-way over Bertrand Road Extended and permanently enjoining defendants from interfering with that right-of-way.

Thereafter, plaintiff commenced this small claims action against defendants, asserting causes of action for negligent infliction of emotional distress and malicious prosecution. Prior to trial, defendants moved to dismiss the complaint and City Court granted the motion, finding that plaintiff's causes of action were barred by the doctrine of res judicata. On plaintiff's appeal, County Court agreed that the doctrine of res judicata barred his causes of action and also found, on the merits, that plaintiff failed to establish his claim for malicious prosecution. Accordingly, County Court affirmed City Court's judgment, and this appeal ensued.

The doctrine of res judicata provides that " 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*Matter of Josey v Goord*, 9 NY3d 386, 389-390 [2007], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *accord Maki v Bassett Healthcare*, 141 AD3d 979, 981 [2016], *appeal dismissed, lv dismissed and lv denied* 28 NY3d 1130 [2017]). Nevertheless, the permissive counterclaim rule operates to "save from the bar of res judicata those claims for separate or different relief that could have been but were not interposed in the parties' prior action" so long as the second action is not based on "a preexisting claim for relief that would impair the rights or interests established in the first action" (*Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y.*, 68 NY2d 456, 462 n 2 [1986]; *see Paramount Pictures Corp. v Allianz Risk Transfer AG*, 141 AD3d 464, 467 [2016], *lv granted* 28 NY3d 909 [2016]; *67-25 Dartmouth St. Corp. v Syllman*, 29 AD3d 888, 889-890 [2006]).

A review of the record establishes that, although some of plaintiff's allegations relate to events that predate the first action and are connected to defendants' attempts in the first action to assert their rights as property owners, the monetary relief that plaintiff now seeks is different than the relief he obtained in the first action and would in no way impair the rights established by the first action. Thus, we find that County Court's conclusion that the doctrine of res judicata bars

plaintiff from raising his negligent infliction of emotional distress and malicious prosecution claims in this action was clearly erroneous (*see Classic Autos. v Oxford Resources Corp.,* 204 AD2d 209, 209 [1994]; *compare 67-25 Dartmouth St. Corp. v Syllman,* 29 AD3d at 890). Accordingly, we conclude that "substantial justice was not meted out according to the substantive law" as to these claims (*Valley Psychological, P.C. v Liberty Mut. Ins. Co.,* 30 AD3d 718, 719 [2006]; *see* UCCA 1807; *Pugliatti v Riccio,* 130 AD3d 1420, 1421 [2015]).*

We also find that County Court erred in addressing the merits of defendants' pretrial motion to dismiss as it related to the malicious prosecution claim inasmuch as informal and simplified procedures govern small claims actions (*see* UCCA 1804), and pretrial motions to dismiss should rarely be entertained (*cf. Sarver v Pace Univ.,* 5 Misc 3d 70, 71 [App Term, 1st Dept 2004]; *Friedman v Seward Park Hous. Corp.,* 167 Misc 2d 57, 58 [App Term, 1st Dept 1995]). In light of the fact that plaintiff, who appears pro se, has not yet had the opportunity to present his evidence at a hearing, we find that substantial justice will best be served by remittal to City Court for a prompt trial (*see Williams v Friedman Mgt. Corp.,* 11 Misc 3d 139[A], 2006 NY Slip Op 50579[U], *1 [App Term, 1st Dept 2006]).

Peters, P.J., Mulvey, Aarons and Pritzker, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the negligent infliction of emotional distress and malicious prosecution causes of action; motion denied to said extent and matter remitted to the City Court of the City of Gloversville for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

* As to plaintiff's request for counsel fees, however, because he appears to seek the counsel fees that he alleges Supreme Court awarded him in connection with the first action, any issue in this regard must be addressed to Supreme Court in the first instance and cannot be raised in the context of this small claims action.