Caracaus v Conifer Cent. Sq. Assoc. (2017 NY Slip Op 08946)





Caracaus v Conifer Cent. Sq. Assoc.


2017 NY Slip Op 08946


Decided on December 22, 2017


Appellate Division, Fourth Department


NeMoyer, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1119 CA 16-02179

[*1]EUNICE M. CARACAUS, PLAINTIFF-RESPONDENT,
v
CONIFER CENTRAL SQUARE ASSOCIATES, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






WALTER D. KOGUT, P.C., FAYETTEVILLE (WALTER D. KOGUT OF COUNSEL), FOR DEFENDANT-APPELLANT.
LEGAL SERVICES OF CNY, INC., SYRACUSE (ERIC TOHTZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


NeMoyer
 Appeal from an order of the Oswego County Court (Walter W. Hafner, Jr., J.), dated January 23, 2013. The order denied the motion of defendant to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Opinion by NeMoyer, J.:
We hold that, after a tenant successfully defends an action commenced by his or her landlord, the tenant may commence a new plenary action against the landlord to recover the attorneys' fees to which he or she may be entitled under Real Property Law § 234. FACTS
Defendant (hereafter, landlord) owns and operates a low-income apartment complex in the Village of Central Square, Oswego County. Plaintiff (hereafter, tenant) rented an apartment in this complex. The lease included the following clause:
"If [landlord] is forced to evict [tenant], [tenant] shall pay [landlord] the expense incurred in obtaining possession of the apartment and all other damages sustained by [landlord], including attorneys' fees" (emphasis added).
It is undisputed that this clause triggered Real Property Law § 234, which confers upon tenants the "same benefit [to attorneys' fees as] the lease imposes in favor of the landlord" (Matter of Duell v Condon, 84 NY2d 773, 780 [1995]).[FN1]
The parties' relationship evidently soured, and the landlord commenced a summary eviction proceeding against the tenant in the Central Square Village Court. In the "wherefore" clause of her answer, the tenant included a boilerplate, one-line request for attorneys' fees, but she identified no legal theory for that request. The landlord concedes that this cursory request for attorneys' fees did not constitute a counterclaim under Real Property Law § 234. The Village Court conducted a hearing and rendered a judgment evicting the tenant, but the Oswego County Court (Hafner, J.) ultimately reversed and dismissed the eviction petition. No further proceedings were conducted in connection with this eviction petition.
Approximately one month after the reversal, the landlord filed a new summary eviction petition against the tenant in Village Court. The tenant again included a boilerplate, one-line request for attorneys' fees in the "wherefore" clause of her answer; the landlord again concedes that this cursory request for attorneys' fees did not constitute a counterclaim under Real Property Law § 234. The second petition was tried before a jury, which returned a verdict in the tenant's favor.
The tenant then commenced the instant action against the landlord in County Court, seeking $25,000 in attorneys' fees in connection with both eviction proceedings. In her amended complaint, the tenant explained that "[b]ringing such an action is preferable to a motion or proceeding in the Village Court . . . since the jurisdictional limit of the amount awardable in the Village Court might otherwise be held to bar much of the legitimate expense incurred herein and contemplated to be awardable by [section 234]" (see UJCA 202, 208 [monetary jurisdiction of Town and Village courts generally limited to $3,000]).
The landlord, citing 930 Fifth Corp. v King (42 NY2d 886 [1977]), moved to dismiss the instant action under CPLR 3211 (a) (7), arguing that the New York courts have "long held . . . that attorneys' fees for one action may not be sought in a separate action such as this." "Pursuant to that Court of Appeals authority," the landlord reasoned, the amended complaint "fails to state a cause of action and . . . should [be] dismiss[ed], with prejudice."
County Court denied the landlord's motion to dismiss. "Contrary to [the landlord's] allegation," the court wrote, "the express language of Real Property Law § 234 does not require a tenant who prevails in an eviction proceeding to raise that issue [i.e., attorneys' fees] during the summary proceeding." 930 Fifth Corp. is distinguishable, wrote County Court, because "[u]nlike the landlord in [that case], [the tenant] did request attorneys' fees in the action below [and thus] did not waive her statutory right for attorneys' fees under [section] 243 [sic]." The court further observed that the landlord's "interpretation of 930 Fifth [Corp.] would completely negate the legislative intent of [section 234], which is to level the playing field between landlords and tenants[, because, under the landlord's] interpretation of [930 Fifth Corp., the tenant's] award would be limited to the monetary jurisdiction of $3,000, even if the actual expenses were higher."
Three years later, the landlord moved to transfer the still-unresolved action to Village Court. The landlord cited no statutory or decisional authority for its motion to transfer, instead arguing only that the Village Court judge who heard the eviction cases was "in the best position to evaluate and resolve the [tenant]'s attorney fee request still pending before him in his court." County Court (Todd, J.) denied the landlord's motion to transfer, reasoning that it was effectively an improper effort to reargue and/or renew the prior dismissal motion decided by Judge Hafner.
The landlord now appeals from both Judge Hafner's order denying its motion to dismiss (appeal No. 1) and Judge Todd's order denying its motion to transfer (appeal No. 2). For the reasons that follow, both orders should be affirmed.
DISCUSSION
The Motion to Dismiss (Appeal No. 1)
We turn first to the landlord's appeal from the denial of its motion to dismiss. On that score, the landlord contends that the tenant's plenary action runs afoul of the rule against claim splitting and should therefore be dismissed. We disagree.
I
At a high level of generality, the "rule prohibiting claim splitting prohibits two actions on the same claim or parts thereof" (Charles E. S. McLeod, Inc. v Hamilton Moving & Stor., 89 AD2d 863, 864 [2d Dept 1982]). The precise origins of the rule are lost to history, but it was well established in New York by the early nineteenth century (see e.g. Smith v Jones, 15 Johns 229, 229-230 [Sup Ct 1818]). The claim splitting rule is best understood as a species of the genus res judicata (see Matter of Reilly v Reid, 45 NY2d 24, 27-31 [1978]; Sannon-Stamm Assoc., Inc. v Keefe, Bruyette & Woods, Inc., 68 AD3d 678, 678 [1st Dept 2009]), and it thus derives its conceptual force from "the principle that the public interest demands that a party not be heard a second time on a cause of action or an issue which he has already had an opportunity to litigate" (Kromberg v Kromberg, 56 AD2d 910, 912 [2d Dept 1977], affd 44 NY2d 718 [1978]).
As a "narrow doctrine," the claim splitting rule is "most frequently invoked in landlord-tenant cases [involving] attorney's fees" (Murray, Hollander, Sullivan & Bass v HEM Research, 111 AD2d 63, 66 [1st Dept 1985]). The leading case in this context is 930 Fifth Corp. (42 NY2d at 886). In 930 Fifth Corp., a co-op prevailed in a summary proceeding against a proprietary tenant in Civil Court; the co-op thereafter commenced a new plenary action against the proprietary tenant in Supreme Court to recover the attorneys' fees it allegedly incurred in connection with the prior summary proceeding. The Court of Appeals unanimously affirmed the dismissal of the plenary action, holding that the procedural course charted by the co-op amounted to the "splitting of a cause of action which is prohibited" (id. at 887). One year later, the Court of Appeals reiterated its holding in 930 Fifth Corp. and held that a landlord who failed to seek attorneys' fees in a prior action against a tenant could not assert a counterclaim for such fees in a subsequent action by the tenant (see Emery Roth & Sons v National Kinney Corp., 44 NY2d 912, 914 [1978], rearg denied 45 NY2d 776 [1978]).
Although the Court of Appeals has not spoken on this subject since the Emery Roth & Sons decision in 1978, the Appellate Divisions have, many times. A "separate, plenary action to recover [an] attorney's fee [incurred in a prior action] constitutes the splitting of a cause of action, which is prohibited," wrote a Second Department panel in dismissing a landlord's claim for counsel fees incurred in prior litigation with a tenant (Landmark Props. v Olivo, 62 AD3d 959, 961 [2d Dept 2009]). The First Department, similarly, wrote that "the prohibition against the splitting of causes of action requires that such fees be sought within the action in which they are incurred, and not in a subsequent action" (Wavertree Corp. v 136 Waverly Assoc., 258 AD2d 392, 392 [1st Dept 1999] [refusing landlord's bid for counsel fees incurred in prior action against tenant]; see also Lupoli v Venus Labs., 287 AD2d 488, 489 [2d Dept 2001] [deploying Wavertree formulation of claim splitting rule to same end]). And in a slightly different formulation of the claim splitting rule in this context, the Second Department affirmed the dismissal of a plenary action for attorneys' fees incurred in a prior action because such an "action, in which the plaintiff seeks . . . to recover legal fees and disbursements incurred in bringing a prior action and defending against the defendant's counterclaim in that action, constitutes the splitting of a cause of action, which is prohibited" (222 Bloomingdale Rd. Assoc. v NYNEX Props. Co., 269 AD2d 525, 526 [2d Dept 2000]).
Each of the foregoing cases are alike in one key respect: they enforced the claim splitting [*2]rule against a landlord-plaintiff who sought attorneys' fees expended in prosecuting a prior action against the tenant-defendant. In other words, they each involve a landlord who successfully sued a tenant, and who later sued the same tenant for the attorneys' fees incurred in the prior action. The landlords were commencing new actions (or interposing new counterclaims) to secure additional relief that could have been obtained in their prior actions, and that, each of the foregoing cases held, was barred by the claim splitting rule.
This common thread makes good sense when considered in conjunction with the longstanding rationale for the claim splitting rule: " If a party will sue and recover for a portion, he shall be barred of the residue' " (White v Adler, 289 NY 34, 42 [1942], rearg denied 289 NY 647 [1942], quoting Bendernagle v Cocks, 19 Wend 207, 215 [Sup Ct 1838]). Viewed in that light, the claim splitting rule exists to prevent a plaintiff from harassing a defendant with multiple suits where one suit would have sufficed to afford the plaintiff full relief (see id. at 42-44; Roe v Smyth, 278 NY 364, 368-369 [1938]). To be sure, this rule has been extended to situations where the original defendant asserts a counterclaim, takes a partial recovery thereon, and then commences a plenary action for the balance of the counterclaim (see Silberstein v Begun, 232 NY 319, 323-324 [1922]; see also Columbia Corrugated Container Corp. v Skyway Container Corp., 37 AD2d 845, 845-846 [2d Dept 1971], affd 32 NY2d 818 [1973]). But even in that scenario, the party subject to the claim splitting bar (i.e., the original defendant) acted as the plaintiff with respect to the particular claim being re-asserted in a plenary action.
The claim splitting rule thus applies only when a plaintiff commences a new action (or interposes a new counterclaim) to expand his or her recovery from a prior action, not when the defendant in a prior action commences a new action against the former plaintiff to vindicate his or her own affirmative claims. In the latter instance, the defendant-turned-plaintiff did not assert any claim until the new action, and thus could not have impermissibly "split" such a claim across multiple actions (see Matter of East 51st St. Crane Collapse Litig., 103 AD3d 401, 403 [1st Dept 2013]). After all, a party must have asserted a claim in one action before he or she can be charged with splitting that claim in a subsequent action. Were this an incorrect statement of the law, the Court of Appeals would not have written long ago that "the rule against splitting does not forbid the use of part of a claim as a set-off, retaining the rest for later use [in a new action]" (Blake v Weiden, 291 NY 134, 140 [1943]). Quite the contrary, if the claim splitting rule bars claims asserted in a new action by the former defendant against the former plaintiff, the Blake court would have written precisely the opposite and prohibited the use of part of a claim as a set-off while retaining the rest for later use.
II
Applying the traditional understanding of the claim splitting rule discussed above and embodied in the landlord-tenant case law, the landlord's bid for dismissal on claim splitting grounds must fail. It was the landlord, not the tenant, who instituted the two prior proceedings in Village Court. The tenant successfully defended herself against the landlord's claims, but she did not assert an affirmative claim until the instant plenary action. Indeed, the landlord's appellate brief explicitly concedes that the tenant did not interpose a Real Property Law § 234 counterclaim for attorneys' fees in either of the two prior proceedings. Thus, because the instant action is the tenant's first assertion of an affirmative claim for relief under section 234, the claim splitting rule poses no bar to her recovery. Put simply, the tenant cannot be guilty of claim splitting because, until the instant action, there was no claim to split.
III
We recognize that the First Department held otherwise in O'Connell v 1205-15 First Ave. Assoc., LLC (28 AD3d 233 [1st Dept 2006]), but we decline to follow that case. In O'Connell, a landlord commenced an action against a tenant seeking "use and occupancy, ejectment, damages for fraud, rescission of the lease based on fraud and a declaration that tenant's sweetheart lease' was void or voidable" (id. at 234). The landlord's action was dismissed on summary judgment, and the tenant then commenced a new action against the landlord for the attorneys' fees he incurred in defending the prior action. The First Department affirmed the subsequent dismissal of the tenant's action, reasoning that "the prohibition against the splitting of causes of action required [the tenant] to seek attorneys' fees within the action in which they were incurred, not a [*3]subsequent action" (id.). To support this holding, the First Department cited Wavertree and noted that Wavertree cited 930 Fifth Corp.
As far as we can discern, O'Connell is the first and only appellate decision in this State to apply the claim splitting rule to bar a claim asserted for the first time in a new action by a former defendant against a former plaintiff. The O'Connell panel did not explain why the seemingly unremarkable facts in that case warranted such a significant expansion of the claim splitting rule, or how such an expansion could be squared with the Court of Appeals' description of the rule's purpose and scope in White and Blake. Nor did O'Connell cite any precedent supporting the result it reached. To the contrary, the only cases mentioned in the O'Connell memorandum (Wavertree and 930 Fifth Corp.) were straightforward applications of the claim splitting rule, as traditionally understood, against landlord-plaintiffs who commenced new actions to recover counsel fees expended in prosecuting prior actions against the same tenant-defendants.
But more importantly, O'Connell ignores a unique facet of civil practice in this State: "New York does not have a compulsory counterclaim rule," and, thus, a "defendant who fails to assert a counterclaim is not barred . . . from subsequently commencing a new action on that claim" (Wax v 716 Realty, LLC, 151 AD3d 902, 904 [2d Dept 2017]; see Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y., 68 NY2d 456, 461-462 [1986], rearg denied 69 NY2d 741 [1987]). Under the O'Connell panel's holding, however, a defendant in one action must assert his own separate claim as a counterclaim in the plaintiff's action or be forever barred from raising it in a new action. And that is precisely what longstanding New York law does not require (see Henry Modell & Co., 68 NY2d at 461-462; see e.g. Security Trust Co. v Pritchard, 122 Misc 760, 762 [Sup Ct, Monroe County 1924] ["A defendant, having a valid counterclaim against a plaintiff, is not required to set it up in his answer, but may begin an independent action"])[FN2]. Indeed, taking O'Connell to its logical conclusion, the claim splitting rule becomes the Trojan horse by which New York's permissive counterclaim policy is sacked and replaced with a compulsory counterclaim policy. It comes as little surprise, then, that O'Connell has never been cited for the result it reached, and we reject the landlord's plea to do so now.[FN3]
IV
Finally, we decline the landlord's alternative invitation to treat the boilerplate, one-line requests for attorneys' fees in the tenant's answers in Village Court as the equivalent of a "claim" that triggered the claim splitting rule. As noted above, the landlord explicitly concedes that the tenant's requests for attorneys' fees in her Village Court answers did not constitute counterclaims under Real Property Law § 234 (see generally CPLR 3019), and it is unclear how, as a formalistic matter, something that is not a counterclaim, a cross claim, or an affirmative cause of action by a plaintiff could ever constitute a "claim" for purposes of the claim splitting rule. Cognizable claims, after all, have ascertainable elements, and the tenant's Village Court answers do not purport to identify any elements or articulate any legal theory under which the Village Court could have awarded her attorneys' fees in the summary proceedings. In our estimation, the bare mention of "attorneys' fees" in the tenant's Village Court answers is nothing more than a disregardable anomaly with "very little tangible existence" (Cunningham v Platt, 82 Misc 486, 490 [Sup Ct, Erie County 1913]; see e.g. Vertical Computer Sys., Inc. v Ross Sys., Inc., 59 AD3d 205, 206 [1st Dept 2009] ["appellant's claim for attorney fees, set forth only in its wherefore clause and not in any counterclaims to which it could be deemed an integral part . . . , was not adequately pleaded"]; compare Marotta v Blau, 241 AD2d 664, 664-665 [3d Dept 1997] [request for attorneys' fees in "wherefore" clause sufficient to award such fees in connection with distinct counterclaim that was actually pleaded in answer]).
In any event, the claim splitting rule "is one made by judges to promote the public policy of the State [and] should not be applied to frustrate the purpose of its laws or to thwart public policy" (White, 289 NY at 44-45 [internal quotation marks omitted]). The Legislature has clearly decreed that tenants shall have a substantive right to attorneys' fees to the same extent as that enjoyed by landlords under a lease (see Real Property Law § 234; Duell, 84 NY2d at 780). Applying the claim splitting rule to bar an otherwise meritorious Real Property Law § 234 claim simply because the tenant made a fleeting reference to "attorneys' fees" in her Village Court answers would exemplify the sort of rigid, inflexible application of the claim splitting rule that the White court cautioned against. The landlord has "not been vexed or harassed, unreasonably, by a multiplicity of actions brought to enforce the liability imposed upon [it] by law," and "in these circumstances the reason for the [claim splitting] rule fails" (White, 289 NY at 44).
* * *
In light of the foregoing, we conclude that Judge Hafner properly denied the landlord's motion to dismiss on claim splitting grounds.[FN4]
[*4]The Motion to Transfer (Appeal No. 2)
We turn now to the landlord's appeal from Judge Todd's denial of its motion to transfer this action from the Oswego County Court to the Central Square Village Court. As a threshold matter, we agree with the landlord that its motion to transfer was not masquerading as an improper motion to reargue or renew its prior motion to dismiss. Although not labeled as such, the landlord's motion to transfer was plainly a motion under article VI, § 19 (b) of the New York Constitution, which provides that, with certain inapplicable exceptions, the "county court may transfer any action or proceeding . . . to any court, other than the supreme court, having jurisdiction of the subject matter within the county provided that such other court has jurisdiction over the classes of persons named as parties" (see e.g. Matter of Clute v McGill, 229 AD2d 70, 71-72 [3d Dept 1997], lv denied 90 NY2d 803 [1997]; Spycher v Andrew, 55 AD2d 715, 716 [3d Dept 1976]). The landlord's motion to dismiss, in contrast, was made under CPLR 3211 (a) (7). It is thus evident that the motion to transfer was not properly denied on the grounds articulated by Judge Todd, i.e., that it was improperly successive.
We nevertheless conclude that the transfer motion was meritless. The Village Court "lack[s] subject matter jurisdiction" over the instant action because "the amount sought [i.e., $25,000] exceed[s] the [Village] court's monetary limits" (Burke v Aspland, 56 AD3d 1001, 1002 [3d Dept 2008], lv denied 12 NY3d 709 [2009]; see UJCA 202 [Town and Village courts "shall have jurisdiction of actions . . . for the recovery of money . . . where the amount sought to be recovered . . . does not exceed $3000"]). As such, this action could not be transferred pursuant to article VI, § 19 (b) of the New York Constitution because the receiving court would not "hav[e] jurisdiction of the subject matter" thereof. On this distinct ground alone we affirm Judge Todd's order denying the landlord's motion to transfer.
CONCLUSION
Accordingly, the orders of the Oswego County Court in each appeal should be affirmed.
Entered: December 22, 2017
Mark W. Bennett
Clerk of the Court



Footnotes

Footnote 1: Section 234 provides as follows:
"Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys' fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, or that amounts paid by the landlord therefor shall be paid by the tenant as additional rent, there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys' fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease, and an agreement that such fees and expenses may be recovered as provided by law in an action commenced against the landlord or by way of counterclaim in any action or summary proceeding commenced by the landlord against the tenant."

Footnote 2: There is a narrow exception to the permissive counterclaim rule which forbids the original defendant from commencing a subsequent plenary action on a preexisting claim that would "impair the rights or interests established in the first action" (Wax, 151 AD3d at 904; see Henry Modell & Co., 68 NY2d at 462 n 2). In that event, the claim must be presented as a counterclaim in the first action. But this exception has no applicability here. As the First Department recently recognized, a subsequent plenary "action [for] attorneys' fees incurred in [defending a prior] action[] would not impair the rights or interests' established in the [prior] action" for purposes of New York's permissive counterclaim rule (Paramount Pictures Corp. v Allianz Risk Transfer AG, 141 AD3d 464, 467 [1st Dept 2016], lv granted 28 NY3d 909 [2016]; compare 67-25 Dartmouth St. Corp. v Syllman, 29 AD3d 888, 890 [2d Dept 2006] [exception to permissive counterclaim rule applied where, under unique procedural history of that case, "consideration of the [plaintiff's plenary] claim for attorneys' fees [incurred in defending prior action commenced by defendant] would require the reconsideration of the issues raised in the prior action"]).

Footnote 3: The impact of O'Connell's expansion of the claim splitting rule falls with particular inequity on tenants residing in Towns and Villages not served by a District Court (i.e., all Towns and Villages outside Nassau County and the western half of Suffolk County). Unlike counterclaims filed in the New York City Civil Court (see CCA 208 [b]), the District Court (see UDCA 208 [b]), and the City Courts outside New York City (see UCCA 208 [b]), counterclaims in Town and Village Courts are subject to a $3,000 jurisdictional cap (see UJCA 208). Thus, if a tenant must — per O'Connell — join any claim for reciprocal attorneys' fees as a counterclaim in the landlord's principal action, then a tenant whose landlord elects to file an eviction petition in a Town or Village Court is effectively limited to spending $3,000 in his or her own defense. That is because, unless the tenant is savvy enough to move to transfer the entire action to a superior court, any amount expended above the cap could not be recovered either in the principal action (by virtue of UJCA 208) or in a new action (by virtue of O'Connell). It would be particularly unwise, in our view, to hand landlords such a potent weapon: the unilateral power to hamstring their tenants' ability to defend themselves in court. In short, the O'Connell rule eviscerates the power-leveling function of Real Property Law § 234 for tenants in Towns and Villages outside Nassau County and the western half of Suffolk County.

Footnote 4: Notwithstanding our affirmance of Judge Hafner's order, we reject the tenant's argument that Real Property Law § 234 explicitly permits a party to engage in otherwise prohibited claim splitting. To the contrary, section 234 says that any attorneys' fees obtainable thereunder may only be recovered "as provided by law" (including the claim splitting rule), and the statutory reference to "an action commenced against the landlord" simply clarifies that a tenant's substantive right to attorneys' fees extends to both affirmative and defensive litigation.