Berry v Batash (2026 NY Slip Op 01755)

Berry v Batash

2026 NY Slip Op 01755

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DONNA-MARIE E. GOLIA, JJ.

2023-07514
 (Index No. 610982/22)

[*1]Anish Berry, appellant, 
vJon Batash, et al., respondents.

Kaploun Law, P.C., New York, NY (Eliyahu Z. Kaploun of counsel), for appellant.
Jack L. Glasser, P.C., Jamaica, NY, for respondent Jon Batash.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Conrad L. Horowitz of counsel), for respondent Eran Regev.

DECISION & ORDER
In an action, inter alia, to recover damages for abuse of process, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered June 28, 2023. The order, insofar as appealed from, (1) denied, as academic, the plaintiff's motion pursuant to CPLR 3211(b) to dismiss the affirmative defenses of the defendant Jon Batash and pursuant to CPLR 3211(a)(7) to dismiss that defendant's counterclaim, (2) in effect, granted that branch of the cross-motion of the defendant Jon Batash which was for summary judgment dismissing the complaint insofar as asserted against him, and (3), in effect, granted that branch of the motion of the defendant Eran Regev which was pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for abuse of process, injurious falsehood, and intentional infliction of emotional distress insofar as asserted against him and the cause of action to recover damages for a violation of Judiciary Law § 487.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying, as academic, the plaintiff's motion pursuant to CPLR 3211(b) to dismiss the affirmative defenses of the defendant Jon Batash and pursuant to CPLR 3211(a)(7) to dismiss that defendant's counterclaim, (2) by deleting the provision there of, in effect, granting that branch of the cross-motion of the defendant Jon Batash which was for summary judgment dismissing the causes of action to recover damages for abuse of process, injurious falsehood, and intentional infliction of emotional distress insofar as asserted against him, and (3) by deleting the provision thereof, in effect, granting that branch of the motion of the defendant Eran Regev which was pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for abuse of process, injurious falsehood, and intentional infliction of emotional distress insofar as asserted against him and the cause of action to recover damages for a violation of Judiciary Law § 487; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
In September 2020, Jon Batash commenced an action in the Supreme Court, New York County, against Anish Berry, among others (hereinafter the prior action). Batash alleged, inter alia, that Berry was part of a conspiracy that made false misrepresentations to Batash and [*2]fraudulently lured him into investing the sum of $600,000 in a failing business. Venue for the prior action was ultimately transferred to Nassau County.
In August 2022, while the prior action and a motion by Berry for leave to reargue his prior motion, among other things, pursuant to CPLR 3211(a) to dismiss the complaint in the prior action insofar as asserted against him were still pending, Berry commenced this action in the Supreme Court, Nassau County, against Batash and Eran Regev, an attorney who represented Batash in the prior action. Berry asserted causes of action to recover damages for abuse of process, defamation, injurious falsehood, a violation of Judiciary Law § 487, and intentional infliction of emotional distress based on events and conduct stemming from litigation in the prior action.
Batash interposed an answer in which he asserted four affirmative defenses and a counterclaim. Berry moved pursuant to CPLR 3211(b) to dismiss Batash's affirmative defenses and pursuant to CPLR 3211(a)(7) to dismiss Batash's counterclaim. Batash cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. In support of his cross-motion, Batash argued, among other things, that there was another pending action, i.e., the prior action, in which Berry could have asserted the causes of action as counterclaims.
In a stipulation of discontinuance dated October 25, 2022, Berry discontinued the cause of action to recover damages for defamation insofar as asserted against Regev. Thereafter, Regev moved, inter alia, pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for abuse of process, injurious falsehood, and intentional infliction of emotional distress insofar as asserted against him and the cause of action to recover damages for a violation of Judiciary Law § 487, which was only asserted against him. Regev argued, among other things, that those causes of action should have been asserted as counterclaims in the prior action.
Meanwhile, in the prior action, in an order dated June 22, 2023, the Supreme Court, inter alia, granted that branch of Berry's cross-motion which was pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against him.
Subsequently, in this action, in an order entered June 28, 2023, the Supreme Court, among other things, upon determining that the stipulation of discontinuance with respect to the defamation cause of action applied to Batash because the alleged defamatory statements were made only by Regev, in effect, granted that branch of Batash's cross-motion which was for summary judgment dismissing the defamation cause of action insofar as asserted against him. In addition, the court, in effect, granted that branch of Batash's cross-motion which was for summary judgment dismissing the abuse of process, injurious falsehood, and intentional infliction of emotional distress causes of action insofar as asserted against him and that branch of Regev's motion which was pursuant to CPLR 3211(a) to dismiss those causes of action insofar as asserted against him and the cause of action alleging a violation of Judiciary Law § 487 on the ground that those causes of action could have been asserted as counterclaims in the prior action. Upon doing so, the court denied, as academic, Berry's motion pursuant to CPLR 3211(b) to dismiss Batash's affirmative defenses and pursuant to CPLR 3211(a)(7) to dismiss Batash's counterclaim. Berry appeals.
Berry contends that the stipulation of discontinuance discontinuing the defamation cause of action insofar as asserted against Regev did not apply to Batash, because Batash could be held vicariously liable for the allegedly defamatory statements made by his then-attorney, Regev, in the context of the prior action. However, Batash cannot be held vicariously liable for the alleged defamatory statements of Regev. "Generally, statements made at all stages of a judicial proceeding in communications among the parties, witnesses, counsel, and the court are accorded an absolute privilege, as long as the statements may be considered in some way 'pertinent' to the issue in the proceeding" (Weinstock v Sanders, 144 AD3d 1019, 1020, quoting Martirano v Frost, 25 NY2d 505, 507-508; see Front, Inc. v Khalil, 24 NY3d 713, 718; Segall v Sanders, 129 AD3d 819, 820). Here, the alleged defamatory statements made by Regev were pertinent to issues in the prior action "and were therefore protected by absolute privilege" (Gill v Dougherty, 188 AD3d 1008, 1009). "A claim of vicarious liability cannot stand when there is no primary liability upon which such a claim of vicarious liability might rest" (Hannen v Nici, 230 AD3d 1118, 1120 [internal quotation marks [*3]omitted]; see Karaduman v Newsday, Inc., 51 NY2d 531, 546). Since the challenged statements here were absolutely privileged as a matter of law and cannot be the basis for a defamation cause of action against Regev, there is no primary liability upon which a defamation cause of action based on vicarious liability might rest as against Regev's client, Batash, for those statements under Berry's proffered theory of vicarious liability (see Hannen v Nici, 230 AD3d at 1120). Accordingly, the Supreme Court properly, in effect, granted that branch of Batash's cross-motion which was for summary judgment dismissing the defamation cause of action insofar as asserted against him.
However, Berry correctly contends that the Supreme Court improperly, in effect, granted dismissal of the remaining causes of action on the ground that they could have been asserted as counterclaims in the prior action. New York is a permissive counterclaim jurisdiction under CPLR 3011 and 3019, where, generally, a defendant has no obligation to assert counterclaims and can wait to assert them in separate litigation (see Sweet Constructors, LLC v Wallkill Med. Dev., LLC, 106 AD3d 810; 67-25 Dartmouth St. Corp. v Syllman, 29 AD3d 888, 889). However, while "[o]ur permissive counterclaim rule may save from the bar of res judicata those claims for separate or different relief that could have been but were not interposed in the parties' prior action," the rule "does not . . . permit a party to remain silent in the first action and then bring a second one on the basis of a preexisting claim for relief that would impair the rights or interests established in the first action" (Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y., 68 NY2d 456, 462 n 2; see Wax v 716 Realty, LLC, 151 AD3d 902, 903; 67-25 Dartmouth St. Corp. v Syllman, 29 AD3d at 889-890).
Here, Berry's failure to assert the remaining causes of action as counterclaims in the prior action did not preclude him from asserting them in this action because, if Berry were successful on those causes of action, this would not impair the rights that were or could be established in the prior action with respect to him (see Wax v 716 Realty, LLC, 151 AD3d at 903; 67-25 Dartmouth St. Corp. v Syllman, 29 AD3d at 889-890). Accordingly, the Supreme Court erred by, in effect, granting dismissal of those causes of action on the ground that they could have been raised as counterclaims in the prior action and by denying, as academic, Berry's motion pursuant to CPLR 3211(b) to dismiss Batash's affirmative defenses and pursuant to CPLR 3211(a)(7) to dismiss Batash's counterclaim. Under the circumstances, we remit the matter to the Supreme Court, Nassau County, for consideration of the other grounds that Batash advanced in support of that branch of his cross-motion which was for summary judgment dismissing the abuse of process, injurious falsehood, and intentional infliction of emotional distress causes of action insofar as asserted against him and the other grounds that Regev advanced in support of that branch of his motion which was pursuant to CPLR 3211(a) to dismiss the abuse of process, injurious falsehood, and intentional infliction of emotional distress causes of action insofar as asserted against him and the cause of action alleging a violation of Judiciary Law § 487, and thereafter a new determination of that branch of Batash's cross-motion and that branch of Regev's motion, as well as Berry's motion pursuant to CPLR 3211(b) to dismiss Batash's affirmative defenses and pursuant to CPLR 3211(a)(7) to dismiss Batash's counterclaim.
CHAMBERS, J.P., CHRISTOPHER, FORD and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court